

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Karim Z. Oussayef
New York
Direct: 212-351-3427
koussayef@desmaraisllp.com

September 14, 2023

**Via ECF**

Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

      Re:    Response to Rule 28(j) Citation of Supplemental Authority in *Chewy, Inc. v. IBM*, Case No. 2022-1756

Dear Mr. Perlow:

Pursuant to Rule 28(j), International Business Machines Corporation responds to Chewy, Inc.'s September 12, 2023 letter concerning *International Business Machines Corporation v. Rakuten, Inc.*, No. 21-cv-461-GBW, 2023 WL 3750906 (D. Del. June 1, 2023) ("*Rakuten* Opinion").

The *Rakuten* Opinion further propagates the erroneous reasoning from the *Chewy* claim construction opinion ("*Chewy* Opinion") and adopts a substantively identical construction for the "selectively storing…" term. *Rakuten*, 2023 WL 3750906, at *3. Both constructions incorrectly require prefetching. However, only the *Rakuten* Opinion explicitly uses the word "pre-fetching" in its construction. *Id.* In doing so, the *Rakuten* Opinion helps demonstrate not only why the *Rakuten* construction is wrong but also why the *Chewy* judgment should be reversed.

First, the *Rakuten* Opinion illustrates that importing pre-fetching into the claims conflates "retrieving" with "pre-fetching." *Id.* (construing "selectively storing…" as "**retrieving (i.e. pre-fetching)**…"). Yet retrieving does not require pre-fetching. For example, the specification explains that "objects … are retrieved on demand." Appx217(6:19-22); *see also* Appx218(8:7-11); Appx227(26:54-62) (when "building" the page, the advertisement object id is "fetched" (not pre-fetched) and "the identified advertising object is retrieved either locally, if available, or otherwise from the network"). Retrieving on demand does not mean pre-fetching. *See* Opening Br. at 26-27.

DESMARAIS LLP

Jarrett B. Perlow
September 14, 2023
Page 2

Second, the *Rakuten* Opinion relied on *Chewy*'s finding "that the '849 patent describes the invention as a whole as including prefetched advertising…." *Rakuten*, 2023 WL 3750906, at *3 (internal quotes omitted). Based on *Chewy*, *Rakuten* thus concluded that **all** independent claims require prefetching, even those with dependent claims that actually recite "pre-fetching." *Id.* at *4 ("The Court agrees with the court's reasoning in *Chewy* and finds the same reasoning applies for the 'structuring advertising' terms…."). This violates the principle of claim differentiation. Opening Br. at 27-29.

Third, the *Rakuten* Opinion did not construe "selectively storing…" to require that "the advertising objects be 'pre-fetched' in the sense that they are retrieved before the user has requested the page in connection with which they are to appear." Appx130-131. Only *Chewy* has adopted that erroneous interpretation of the claims, which was necessary to its noninfringement decision. Opening Br. at 32-38.

Respectfully submitted,

/s/ Karim Z. Oussayef
Karim Z. Oussayef
*Counsel for Defendant-Appellant*
*International Business Machines*
*Corporation*

cc: All Counsel of Record

FORM 19. Certificate of Compliance with Type-Volume Limitations                    Form 19
                                                                                    July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1756

**Short Case Caption:** Chewy, Inc. v. IBM

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __346__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/14/2023                    Signature: /s/ Karim Z. Oussayef

                                    Name: Karim Z. Oussayef

Save for Filing